# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| EDWARD HENDERSON, individually and on behalf of all those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> COX ENTERPRISES, INC. d/b/a THE ATLANTA JOURNAL-CONSTITUTION, <br><br> Defendant. | Civil Action No. <br><br><br> Removed from the State Court of Fulton County, Georgia; Civil Action No. 26CV003014 <br><br> JURY TRIAL DEMANDED |

## DEFENDANT COX ENTERPRISES, INC.'S NOTICE OF REMOVAL

Defendant Cox Enterprises, Inc. ("Cox" or "Defendant"), by and through its undersigned counsel, hereby removes to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, the above-captioned action, which was originally filed in the Superior Court of Fulton County, State of Georgia. Prior to filing this Notice of Removal, Cox met and conferred with counsel for Plaintiff Edward Henderson.

In support of this Notice of Removal, Cox states as follows:

## I.      BACKGROUND

1.      On February 27, 2026, Plaintiff Edward Henderson ("Plaintiff"), individually and on behalf of all others similarly situated, commenced an action in the Superior Court of Fulton County, State of Georgia by filing a Class Action Complaint ("Complaint") entitled *Edward Henderson v. Cox Enterprises, Inc. d/b/a*

1

*The Atlanta Journal-Constitution*, Case No. 26CV003014 ("State Court Action").

2.  Plaintiff sent Cox a Waiver of Service of Summons on March 25, 2026, and Cox executed it on March 30, 2026. No other defendant has been named or served.

3.  A copy of all filings and docket report in the State Court Action is attached hereto as Exhibits A-E, as required by 28 U.S.C. § 1446(a):

    a.  Exhibit A—Complaint;

    b.  Exhibit B—Summons;

    c.  Exhibit C—Waiver of Service of Summons;

    d.  Exhibit D—Application for *Pro Hac Vice*; and

    e.  Exhibit E—Docket Report.

4.  Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiff and filed with the Clerk of the Superior Court of Fulton County, State of Georgia, as an exhibit to a Notice of Filing of Notice of Removal.

5.  Plaintiff asserts two causes of action in his Complaint: (1) alleged violations of the Video Protection Privacy Act, 18 U.S.C. § 2710 *et seq.* ("VPPA"), and (2) for invasion of privacy.

## II.     REMOVAL IS PROPER[1]

### A.     Federal Question Removal Is Proper.

6.      Removal is proper because this action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Cox pursuant to the provisions of 28 U.S.C. § 1441(a), because it arises under the VPPA, 18 U.S.C. § 2710 *et seq.*

7.      This Court has supplemental jurisdiction over the second cause of action for invasion of privacy pursuant to 28 U.S.C. § 1367(a) and 28 U.S.C. § 1441(c) because that claim arises out of the same facts and circumstances as the VPPA claim.  Both claims concern Cox's alleged installation and use of tracking technologies to collect and disclose information about *Atlanta Journal-Constitution* ("AJC") subscribers' interactions with its digital platform without consent. *See, e.g.*, Compl. ¶¶ 78, 83, 86; *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742-43 (11th Cir. 2006) (supplemental jurisdiction exists over "all state law claims which arise out of a common nucleus of operative fact with a substantial federal claim") (citation omitted). Even if the Court did not have supplemental jurisdiction over the

---

[1] By removing the State Court Action to this Court, Cox does not waive any defenses that are available to it under state or federal law. Cox expressly reserves all threshold defenses to this action and its right to move to compel arbitration, to dismiss or for the entry of judgment pursuant to Federal Rules of Civil Procedure 12 and 56, and/or to strike or oppose the certification of any putative class pursuant to Federal Rule of Civil Procedure 23.

remaining claims (it does), the entire action is still removable under 28 U.S.C. § 1441(c)(1)(B), which provides that the entire action may be removed even where some claims are not within the original or supplemental jurisdiction of the Court.

**B.     Class Action Fairness Act Removal Is Proper.**

8.     In addition to removal under federal question jurisdiction, the State Court Action is removable pursuant to 28 U.S.C. § 1441, which permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," and the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). CAFA grants U.S. District Courts original jurisdiction over, and permits removal of, class actions in which: (i) any member of a class of plaintiffs is a citizen of a State different from any defendant (minimal diversity); (ii) the defendant is not a governmental entity; (iii) the proposed class contains at least 100 members; and (iv) the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

9.     As set forth below, this case meets all the requirements for removal under CAFA because there is at least one member of the putative class that is a citizen of a state different from that of Cox (who is not a state, state official, or other governmental entity), there are more than 100 putative class members, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

4

### i.    *Minimal Diversity of Citizenship.*

10.    Minimal diversity exists in this case because at least one putative class member is a citizen of a different state than any defendant.

11.    Plaintiff alleges that Cox is "headquartered in Atlanta, Georgia" and therefore "a citizen of Georgia." *Id.* ¶ 11. Cox also is, and was at the time Plaintiff commenced this action, a corporation duly organized and validly existing under the laws of the State of Delaware. *See* Declaration of Zack McGhee ("McGhee Decl.") ¶ 2. Therefore, Cox is a citizen of Georgia and Delaware.  28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and . . . where it has its principal place of business").

12.    Plaintiff alleges that he is a citizen of Georgia. Compl. ¶ 10. Further, Plaintiff seeks to represent a nationwide class of "[a]ll persons in the United States with a digital subscription to *Atlanta Journal-Constitution* that had their PII disclosed to Facebook by Defendant." Compl. ¶ 64. Many subscribers of AJC are residents of states other than Georgia and Delaware. McGhee Decl. ¶ 4.

13.    Accordingly, because Plaintiff represents putative class members who are citizens of one or more states different from Cox, there is minimal diversity of citizenship among the Parties under CAFA. 28 U.S.C. § 1332(d)(2). *See Simring v. GreenSky, LLC*, 29 F.4th 1262, 1266 (11th Cir. 2022) ("To determine whether minimal diversity exists, courts consider the citizenship of all the class members

(including putative), both named and unnamed.") (citation omitted); *Schwartz v. SCI Funeral Services of Florida, Inc.*, 931 F. Supp. 2d 1191, 1198 (S.D. Fla. 2013) (minimum diversity element of CAFA jurisdiction satisfied by parties in interest treated as "class" members were citizens of a different state than defendant).

### ii.    Cox Is Not a Governmental Entity.

14.    Cox is not a State, State official, or other government entity. CAFA's non-governmental entity requirement is therefore satisfied. 28 U.S.C. § 1332(d)(5)(A).

### iii.    The Proposed Class Exceeds 100 Members.

15.    The Complaint states that "[t]he Class is so numerous that joinder of all members is impractical" and that "AJC had 115,000 paying subscribers" as of August 2025. Compl. ¶¶ 31, 68. *Tingley v. Netflix, Inc.*, No. 22-11507, 2023 WL 3851035, at *2 n.2 (11th Cir. June 7, 2023) (VPPA is subject to the four-year catch-all statute of limitations under 28 U.S.C. 1658(a)); *Torrance v. Morris Publ'g Grp., LLC*, No. CV-408-117, 2009 WL 3833886, at *4 (S.D. Ga. Nov. 16, 2009) (two year statute of limitations for invasion of privacy claims in Georgia). Since August 2025, there have been at least 2,000 subscribers of AJC that visited AJC.com or AJC's mobile application and viewed videos. Compl. ¶ 29; McGhee Decl. ¶ 5. Accordingly, the proposed class is greater than the 100-member threshold for CAFA jurisdiction. See 28 U.S.C. § 1332(d)(5)(B).

6

### iv.    *The Amount in Controversy Exceeds $5,000,000.*

16.    "[A] defendant's notice of removal need include only a plausible allegation" that the requirements of CAFA are satisfied. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Evidence establishing the amount in controversy is required only when the plaintiff contests or the court questions a defendant's assertion. *Id*.; *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014) (same).

17.    Cox denies the validity and merit of Plaintiff's alleged claims and disputes that this action is appropriate for class treatment under Federal Rule of Civil Procedure 23. But for purposes of setting the grounds for this Court's subject matter jurisdiction—and without conceding that Plaintiff or the putative class is entitled to any damages or relief whatsoever—it is apparent from the Complaint that Plaintiff seeks sufficient damages on behalf of himself and the class to satisfy CAFA.

18.    Although the Complaint does not include a specific total monetary demand, it alleges Cox violated, *inter alia*, the VPPA by "knowingly disclos[ing] the PII of its consumers to a third party, Meta, through the Meta Pixel." Compl. ¶ 79. A VPPA violation is subject to $2,500 statutory damages. 18 U.S.C. § 2710(c)(2)(A). The Complaint alleges that the AJC had at least 115,000 paid subscribers as of August 2025, Compl. ¶¶ 31, 68, and, since then, there have been at least 2,000 subscribers of AJC that visited AJC.com or AJC's mobile application

and viewed videos. McGhee Decl. ¶ 5.

19.    As such, based on the allegations in the Complaint, the potential amount in controversy exceeds $5,000,000.

20.    Plaintiff also seeks recovery of attorneys' fees and costs. *See* Compl., Prayer for Relief (d). While Cox does not concede that this relief is recoverable under the claims asserted by Plaintiff, the potential award of attorneys' fees and costs can be considered in determining whether the minimum amount in controversy under CAFA is met. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003) (attorneys' fees count towards the amount in controversy if "they are allowed for by statute or contract"); 18 U.S.C. § 2710(c)(2)(C) (VPPA claim allows award of "reasonable attorneys' fees"). Given that an attorneys' fee award in a certified class action could amount to twenty-five percent (25%) or more of the aggregate recovery, this claim for relief increases the amount in controversy by an additional 25%. *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1294–95 (11th Cir. 1999) (Benchmarks for percentage-of-fund fee awards in class actions "fall between 20% to 30% of the fund.").

21.    Plaintiff's request for injunctive relief also factors into the amount in controversy. *See* Compl., Prayer for Relief (f). In determining the value of injunctive relief, the Eleventh Circuit looks at "the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction

were granted." *Anderson v. Wilco Life Ins. Co*., 943 F.3d 917, 925 (11th Cir. 2019).

22.    Cox denies that it has any liability to Plaintiff, to any putative class member, or to any other individual(s), and denies that the putative class could be certified for class treatment. Nevertheless, the aggregate amount placed in controversy by Plaintiff's Complaint, including statutory damages, attorneys' fees, and injunctive relief, exceeds $5,000,000.

### III.    <u>NOTICE OF REMOVAL IS TIMELY</u>

23.    This Notice of Removal is timely filed.  Under 28 U.S.C. § 1446(b), "[e]ach defendant shall have 30 days after . . . service on that defendant of the initial pleading or summons . . . to file the notice of removal." *See also* 28 U.S.C. § 1453(b) ("A class action may be removed to a district court of the United States in accordance with section 1446[.]"). Here, Plaintiff sent counsel for Defendant a Waiver of Service of Summons on March 25, 2026, executed it on March 30, 2026. Defendant subsequently filed this Notice of Removal on April 24, 2026, within thirty days after receiving the Waiver of Service of Summons.

### IV.    <u>VENUE FOR REMOVAL</u>

24.    Because the State Court Action was initially brought in the Superior Court of Fulton County, State of Georgia, venue for purposes of removal is proper in this Court under 28 U.S.C. § 1441(a), as the Atlanta Division of the Northern District embraces Fulton County.  *See* 28 U.S.C. §§ 1441(a) and 1446(a).

## V.   <u>**NOTICE OF FILING OF NOTICE OF REMOVAL**</u>

25.   In accordance with 28 U.S.C. § 1446(d), Cox will promptly provide written notice to counsel of record for Plaintiff and will promptly file a copy of this Notice of Removal with the Superior Court of Fulton County, State of Georgia.

## VI.   <u>**CONCLUSION**</u>

For the foregoing reasons, Cox hereby removes the State Court Action to this Court for all future proceedings.

Dated:    April 24, 2026

Respectfully submitted,

WATSTEIN TEREPKA LLP


By: /s/ *Ryan D. Watstein*

Ryan D. Watstein
ryan@wtlaw.com
Georgia Bar No. 266019
75 14th Street Northeast
Suite 2600
Atlanta, Georgia 30309
Telephone: +1 404 782-0695

Aravind Swaminathan (*Pro Hac Vice* forthcoming)
aswaminathan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street
Suite 3300
Seattle, WA 98101
Telephone: +1 206-839-4300

Ali Abugheida (*Pro Hac Vice* forthcoming)
aabugheida@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Telephone: +415-773-5700

*Attorney for Defendant*
*Cox Enterprises, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2026, I caused to be electronically filed a true and correct copy of the foregoing (1) Defendant's Notice of Removal; (2) Declaration of Zack McGhee in Support of Notice of Removal; and (3) Civil Case Cover Sheet with the Clerk of Court by using the CM/ECF system and served a copy of the same upon all parties to this action via first-class mail and electronic email as follows:

Nicholas A. Colella
Anasuya Shekhar
LYNCH CARPENTER LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Telephone: (412) 322-9243
Facsimile: (412) 231-0246
nickc@lcllp.com
anasuya@lcllp.com

*Counsel for Plaintiff Edward Henderson*

Dated:    April 24, 2026                By: */s/ Ryan D. Watstein*
                                            Ryan D. Watstein

                                            *Attorney for Defendant*
                                            *Cox Enterprises, Inc.*

12